# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KRISHAN KUMAR, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No 6:26-cv-03364-MBB |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Krishan Kumar petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Because Petitioner's detention does not violate the Immigration and Nationality Act ("INA"); the Due Process Clause, Equal Protection Clause, or Suspension Clause of the Constitution; or the Administrative Procedure Act ("APA"), the petition is DENIED.

## Background

Petitioner, a citizen of India, entered the United States illegally on May 26, 2023. (**Doc. 1**, p. 4). He was issued a Notice to Appear and placed into removal proceedings. (*Id.*). Petitioner then applied for asylum and withholding of removal. (**Doc. 1-2**, p. 2). He has allegedly applied for protection under the Convention Against Torture. (**Doc. 1**, p. 3). He was arrested by Immigration and Customs Enforcement ("ICE") on May 13, 2026, after being apprehended by local law enforcement. (*Id.* at 5). He was then transferred to Greene County Jail, where he remains detained. (*Id.*).

On June 25, 2026, Petitioner filed this Writ of Habeas Corpus. (**Doc. 1**). He argues that he is being wrongfully detained under 8 U.S.C. § 1225. (*Id.* at 15). He asks that the Court order his immediate release or, alternatively, order a bond hearing. (*Id.* at 26). Petitioner alleges his

detention violates the INA; the Due Process, Equal Protection, and Suspension Clauses of the Constitution; and the APA. (**Doc. 1**).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). "Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief." ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979). Petitioner fails to carry the burden. His mandatory detention does not violate the INA, the Constitution, or the APA.

I.     **Petitioner's detention does not violate the INA because Section 1225(b)(2)(A) applies to him.**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An individual is an "applicant for admission" when they are "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. If an alien has lawfully entered the country, they are "admitted." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," they are also "seeking admission." *Avila*, 170 F.4th at 1134.

Petitioner illegally entered the United States on May 26, 2023. (**Doc. 1**, pp. 4, 14). He argues that "the INA does not authorize the indefinite detention of a noncitizen… who poses no danger or flight risk and who has never received a custody hearing before a neutral decisionmaker."

(*Id.* at pp. 15-16). But Petitioner has not been lawfully admitted to the country. *See* ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). He is an "applicant for admission," "seeking admission," and no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. The Government may detain him without bond under Section 1225(b)(2)(A). His detention is not indefinite, and his risk of flight or danger is irrelevant where he meets the criteria of § 1225(b)(2)(A).

## II. Petitioner's continued detention does not violate due process because it does not implicate a fundamental right and because the legislative scheme permits it.

The Fifth Amendment's Due Process Clause "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993). Fundamental liberty interests are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a petitioner raises a substantive due process claim, they must carefully describe the fundamental liberty interest at issue. ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). Where a liberty interest is not fundamental, a statute regulating it must only be "rationally related to legitimate government interests" to be constitutional. *Id.* at 728. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." ***Zadvydas***, 533 U.S. at 690 (citation omitted). But detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens. ***Demore v. Kim***, 538 U.S. 510, 523-26 (2003).

Petitioner merely argues that his detention violates substantive due process because "immigration detention implicates a fundamental liberty interest." (**Doc. 1**, p. 18). He provides no "careful description" of the fundamental liberty interest implicated in this case. *See Glucksberg*, 521 U.S. at 721. Regardless, removable aliens like Petitioner do not have a fundamental liberty interest in release pending deportation proceedings. *See Demore*, 538 U.S. at 523, n.7 ("[P]rior to 1907, there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings"). *See also Romero v. Brown* 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit held that detention pending removal proceedings is constitutional when "deportation is still on the table." *See Baynee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024). Detention pending removal proceedings is rationally related to a legitimate government interest: successfully removing aliens when they are ordered removed. *See Demore*, 538 U.S. at 528.

Petitioner also asserts that his detention violates the doctrine set forth in *Accardi v. Shaughnessy*, 347 U.S. 260 (1954). (**Doc. 1**, p. 18). He argues his "warrantless immigration arrest and continued detention contravene the governing immigration arrest regulations and violate the *Accardi* doctrine, which requires agencies to follow their own binding regulations." (*Id.* at p. 26). First, he offers no evidence that ICE arrested him without a warrant. And second, aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute." *See Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), which requires detention pending

removal proceedings. Because the legislative scheme provides for mandatory detention, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

**III.     Petitioner's detention does not violate the Equal Protection Clause because his detention is related to a legitimate state interest.**

Courts review Equal Protection claims under a rational basis framework where those claims do not implicate a fundamental right or involve a suspect class of persons. ***FCC v. Beach Commc'ns, Inc.***, 508 U.S. 307, 313 (1993). "A court must uphold a classification so long as it is rationally related to any conceivable, legitimate state purpose." ***Doe, I v. Peterson***, 43 F.4th 838, 842 (8th Cir. 2022). As discussed, detention pending removal proceedings is rationally related to the legitimate government interest of successfully removing aliens when they are ordered removed. *See* ***Demore***, 538 U.S. at 528.

Here, Petitioner alleges that his detention lacks "a rational connection to any legitimate governmental purpose." (**Doc. 1**, p. 21). He also argues "[t]he government's treatment of Petitioner creates an unjustifiable disparity between his and similarly situated detainees who receive individualized bond hearings." (***Id.***). But his detention does not implicate fundamental rights. The government has a legitimate interest in detaining individuals ordered removed. And he presents no evidence that he is being treated differently than similarly situated individuals.

**IV.     Petitioner's continued detention does not violate the Suspension Clause because he is utilizing the writ of habeas corpus as an opportunity for meaningful review.**

Petitioner argues his detention amounts to a suspension of the Writ of Habeas Corpus in violation of the Suspension Clause of the U.S. Constitution. (**Doc. 1**, pp. 23-24). "The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" ***Thuraissigiam***, 591 U.S. at 116, *quoting* **U. S. Const., Art. I, § 9, cl. 2**. As Petitioner notes, "The Clause guarantees the availability of judicial review to challenge the lawfulness of executive detention." (**Doc. 2**, p.

23); ***Boumediene v. Bush***, 553 U.S. 723, 745–46 (2008). Habeas corpus, by its nature, allows a person in custody to attack the legality of that custody. ***Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973).

Strangely, Petitioner argues violation of the Suspension Clause because "no alternative remedy exists *outside of habeas corpus* through which [he] may obtain judicial review of the legality of his confinement." (***Id***. at p. 24) (emphasis added). But he does have meaningful opportunity to test the legality of his confinement through the writ of habeas corpus.

**V.      Petitioner's APA claim fails because there has been no final agency action in his case, and he has an adequate remedy in court.**

The APA "provides for review of a 'final agency action for which there is no other adequate remedy in a court.'" ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (citation omitted). An agency action is "final" if it reflects "the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature." ***Id***. For an APA claim to succeed, there can be no other adequate remedy available. ***Central Platte Nat. Res. Dist. v. United States Dept. of Agric.***, 643 F.3d 1142, 1148 (8th Cir. 2011). An alien detainee must challenge their detention via habeas corpus proceedings. ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025).

Here, Petitioner's detention is "interlocutory in nature" because it relates to his ongoing removal proceedings. *See* **8 U.S.C. § 1225(b)(2)(A)**. He has an adequate remedy under 28 U.S.C. § 2241, which provides judicial review of his detention. *See* ***Union Pac. R.R.***, 162 F.4th at 917. *See also* ***Dominguez v. Mordant***, 2026 WL 1098252 at *3 (M.D. Fla. Apr. 23, 2026) (barring a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition").

## Conclusion

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b).  His detention does not violate the INA, the Constitution, or the APA.  The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2026